

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 678 | **DATE** | 8/8/2001 |
| **CASE TITLE** | Harold Keohane vs. Chicago Park District et al. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing held.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The court grants defendants' motion to dismiss as to plaintiff's federal claim in count I, and plaintiff's remaining state-law claims are remanded to the Circuit Court of Cook County.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | AUG 13 2001 | 14 |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail A 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | LD-7 FILED FOR DOCKETING 01 AUG 10 PM 1: 03 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

DOCKETED

AUG 1 3 2001

|  |  |
|---|---|
| HAROLD KEOHANE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 01 C 0678 |
| ) | |
| CHICAGO PARK DISTRICT, ) | Hon. John W. Darrah |
| MICHAEL SCOTT, DAVID DOIG, ) | |
| JOAN FENCIK, and JOHN DOE, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Harold Keohane ("Keohane" or "Plaintiff") has filed a two-count Complaint against Defendants Chicago Park District, Michael Scott, David Doig, Joan Fencik, and John Doe ("Defendants"), alleging (I) deprivation of procedural due process and (II) breach of contract. Defendants have moved to dismiss the Complaint pursuant to FED.R.CIV.P. 12(b)(6) for failure to state a claim upon which relief may be granted. For the reasons set forth below, Defendants' Motion to Dismiss is granted as to the federal claim in Count I. Plaintiff's pendent state-law claims are remanded to the Circuit Court of Cook County for lack of subject matter jurisdiction.

## BACKGROUND

For purposes of this Motion, the following allegations of Plaintiff's Complaint are taken as true. On November 14, 1990, Plaintiff was suspended without pay for a period of thirty days from his position with the Chicago Park District for various violations of the Chicago Park District Code of Conduct. He filed a timely appeal of the suspension with the Personnel Board of the Chicago

Park District on November 16, 1990, but still has not received his requested hearing. On various occasions between June 4, 1993 and August 5, 2000, the Chicago Park District acknowledged that Plaintiff had an appeal pending but continued to deny him a hearing.

Plaintiff filed his Complaint in the Circuit Court of Cook County on December 21, 2000. Defendants removed the case to federal court on January 31, 2001.

## LEGAL STANDARD

When considering a motion to dismiss, well-pleaded allegations in the complaint are accepted as true. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319 (7th Cir. 1997). Any ambiguities in the complaint are construed in favor of the plaintiff. *Kelly v. Crosfield Catalysts,* 135 F.3d 1202, 1205 (7th Cir. 1998). Dismissal is proper only when it appears beyond doubt that Plaintiff can prove no set of facts to support the allegations in his or her claim. *Strasburger v. Board of education*, 143 F.3d 351, 359 (7th Cir. 1998).

## DISCUSSION

Defendants have moved to dismiss Plaintiff's Complaint, arguing that Count I is time-barred and the alleged employment contract cited by Count II does not exist.

Plaintiff's Count I alleges that the Chicago Park District's effective denial of Plaintiff's request for an appeal of his suspension violated his right to procedural due process under the U.S. Constitution and the Illinois Constitution. A federal procedural due process claim is actionable under 42 U.S.C. § 1983. Defendants have moved to dismiss this claim, arguing that it is barred by the statute of limitations.

Resolution of statute of limitations defenses is sometimes inappropriate at the pleading stage because their application typically constitutes a question of fact. *Kauthar SDN BHD v. Sternberg,*

149 F.3d 659, 669 (7th Cir. 1998). However, in a case such as this, where the Plaintiff has alleged facts that show that the claim is barred by the statute of limitations, he "may plead [himself] out of court under a Rule 12(b)(6) analysis." *Id.* at 670.

Section § 1983 actions are characterized as personal injury claims and are governed by the personal injury statute of limitations in the state where the alleged injury occurred. *Wilson v. Garcia*, 471 U.S. 261, 279 (1985). Thus, Plaintiff's procedural due process claim is governed by the two-year statute of limitations set forth in 735 ILCS § 5/13-202. *Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1992). Although tolling of the statute of limitations is governed by state law, federal law determines the accrual of the claim. *Id.* A civil rights claim accrues "when the plaintiff knows or should know that his or her constitutional rights have been violated." *Id.* The standard is that of a reasonable person. *Nemmers v. U.S.*, 795 F.2d 628, 631 (7th Cir. 1986). A plaintiff is held liable for knowing about his claim at the point at which "a reasonably diligent person (in the tort claimant's position)" would have known about it.

Hence, Plaintiff's claim accrued when he discovered or should have discovered that the Chicago Park District's continued delay in scheduling a hearing on the appeal of his suspension effectively denied him an appeal and violated his right to due process. Even giving Plaintiff the "benefit of the doubt," Plaintiff's due process claim accrued no later than June 4, 1993, when the Chicago Park District acknowledged that he had an appeal pending but continued, at that time, to deny him a hearing on Plaintiff's appeal, which had been pending for two-and-a-half years. (Compl. ¶ 17). At that time, a reasonable person in Plaintiff's position should have known that the delay constituted a possible violation of his right to procedural due process. In order for Plaintiff's procedural due process claim to be timely, it would have had to accrue no earlier than December 21,

1998 – over eight years after he appealed his suspension. A reasonable person in Plaintiff's position would have known about his claim long before this. Thus, Plaintiff's federal claim in Count I is time-barred,[1] and Defendants' Motion to Dismiss is granted as to the federal claim in Count I.

Plaintiff's Count I, alleging deprivation of procedural due process under the Illinois Constitution, and Count II, alleging breach of contract, both constitute state law claims. "[T]he general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." *Kennedy v. Schoenberg, Fisher & Newman, Ltd.*, 140 F.3d 716, 727 (7th Cir. 1998); 28 U.S.C. § 1367(c)(3). Now that Plaintiff's federal claim has been dismissed, there is no subject matter jurisdiction over the remaining state-law claims as the parties do not meet the diversity requirement of 28 U.S.C. § 1332. Plaintiff's remaining state-law claims are, thus, remanded to the Circuit Court of Cook County pursuant to 28 U.S.C. § 1447(C).

## CONCLUSION

For the reasons set forth above, the Court GRANTS Defendants' Motion to Dismiss as to Plaintiff's federal claim in Count I, and Plaintiff's remaining state-law claims are REMANDED to the Circuit Court of Cook County.

**IT IS SO ORDERED.**

John W. Darrah, Judge
United States District Court

Date: _August 8, 2001_

---

[1] Plaintiff raises no arguments for the continuing violation doctrine, equitable tolling, or equitable estoppel to delay the running of the statute of limitations; and nothing in the facts suggests that these doctrines apply. In fact, Plaintiff essentially abandons his § 1983 claim in his response at page 10, relying only on his breach of contract claim.